# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**MUSTAFA OZUSAMLAR,**

        Petitioner,

  v.

                                                **Civil Action No. 5:19-CV-164**
                                                Judge Bailey

**F. ENTZEL**,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 14, 2020 [Doc. 9]. In that filing, the magistrate judge recommended that this Court deny the petition without prejudice for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Originally, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The petitioner timely filed his objections on April 28, 2020 [Doc. 10]. Accordingly, this Court will review the portions to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

On May 6, 2019, Mustafa Ozsusamlar, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Hazelton and is challenging his conviction and sentence from the Southern District of New York.

The facts of this case are set forth in detail in the R&R. This Court will refer only to the facts necessary to state the posture of this case.

On April 20, 2006, this defendant was convicted of (1) conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958; (2) murder for hire in violation of 18 U.S.C. §§ 1958 and 1952; and (3) conspiracy to commit extortion in violation of eighteen U.S.C. § 1951.

On November 8, 2007, the district judge sentenced the petitioner to 120 months imprisonment each on Counts One and Two to run concurrently, and 68 months imprisonment on Count Three, to run consecutively to the other two counts.

The petitioner filed a notice of appeal on November 8, 2007. On appeal, the petitioner raised two claims. First, he alleged that at trial, pursuant to Rules 404(b) and 804(b)(1) of the Federal Rules of Evidence, the district court permitted the Government to

introduce the prior testimony of two witnesses who had testified against (and been cross-examined by) the petitioner in a previous criminal trial. The petitioner asserted for the first time on appeal that the Government's evidence constituted inadmissible hearsay because the Government did not sufficiently demonstrate good-faith efforts to locate the witnesses as required to satisfy Rule 804(b)(1) and the Confrontation Clause of the Sixth Amendment. In addition, the petitioner argued that his trial counsel provided ineffective assistance by failing to oppose the Government's assertion that the witnesses whose prior testimony the government sought to introduce were unavailable. The Second Circuit affirmed the conviction. See **United States v. Ozsusamlar**, 349 Fed.Appx. 610 (2d Cir. 2009).

On October 4, 2010, the petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In the petition, he made the following claims: (1) evidence from a prior trial should not have been admitted under Federal Rule of Evidence 404(b) and violated his Confrontation Clause rights; (2) he received ineffective assistance of counsel; (3) the Government engaged in misconduct during the investigative and trial phases; (4) he was entrapped; (5) there was not a conspiracy; (6) there was insufficient evidence to support his conviction; and (7) the judge provided erroneous jury instructions. Finally, the petitioner claimed that any claims that were not properly preserved "either at trial or appeal stages" was due to "ineffective assistance of counsel." The district judge denied this application on November 26, 2012.

On January 2, 2013, the petitioner filed a Notice of Appeal. On December 9, 2013, the Second Circuit denied the petitioner's motion for a certificate of appealability and dismissed the appeal.

Subsequently, the petitioner sought leave to file a successive § 2255 motion

3

primarily based on *Johnson v. United States*, 135 S.Ct. 2551 (2015); *Welch v. United States*, 136 S.Ct. 1257 (2016); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005); *Ocasio v. United States*, 136 S.Ct. 1423 (2016); *United States v. Johnstone*, 122 F.3d 1058 (2d Cir. 1997); and *United States v. Algahaim*, 842 F.3d 796 (2d Cir. 2016). On July 7, 2017, the Second Circuit denied the motion because the petitioner had not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) were satisfied.

As noted by Judge Mazzone, "the petitioner indicates that he is challenging both his conviction and sentence. He alleges that he was denied access to the recording made by Mabrouk of a conversation with him. In addition, he alleges that important witnesses were not called to testify at trial. He further alleges that the Government altered the recorded conversation between the Agent and Osman. Finally, the petitioner alleges that the trial transcript was altered, defense counsel was ineffective, and his sentence was not legal. For relief, the petitioner is 'requesting reconsiderating my consecutively sentence for concurrently and dismusin extorting offense sentence.' (errors in original)."

## Analysis

Title 28, United States Code, Sections §§ 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section § 2255 in the district court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); *In re Vial*. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals.  *Id*. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court."  *Id*.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence."  **Anderson v. Pettiford**, 2007 WL 1577673 (D.S.C. May 31, 2007) (Currie, J.), *affirmed*, 241 Fed.Appx. 934 (4th Cir. 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241.  **In re Vial**, 115 F.3d at 1194, n.5; **In re Jones**, 226 F.328, 333 (4th Cir. 2000).  However, "[i]t is

beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar.  *Id*.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

(1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and**

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones* at 333-34 (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." **United States v. Wheeler**, 886 F.3d 415 (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting **Brown v. Caraway**, 719 F.3d 583, 588 (7th Cir. 2013)).  In **Wheeler**, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and *Jones* is applicable to fundamental sentencing errors, as well as undermined convictions."  *Id*. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be

"inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and**

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, *supra*, at 429 (emphasis added).

The Fourth Circuit further specified that a change of the substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in *Wheeler*. *Id*.

This Court agrees with the Magistrate Judge that none of the claims asserted by the petitioner even remotely satisfy the savings clause. He has failed to identify any change to the settled law which established the legality of his sentence, let alone a change that has been deemed to apply retroactively to cases on collateral review.

The issues that the petitioner raises have either been addressed by the prior courts having jurisdiction or are procedurally defaulted for failure to raise them earlier.

In his response, the petitioner makes reference to the First Step Act of 2018.

However, none of the statutes which he was convicted of violation were modified by the fair sentencing act. In addition, even if that portion of the Act were retroactive, he was not convicted of a § 924(c) violation.

### Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 9]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Finally, the Clerk is directed to enter separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 29, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE